Argued December 23, 1976, affirmed January 17, 1977

## ACCIDENT PREVENTION DIVISION,
*Petitioner,*

*v.*

## COPENHAGEN, INC., *Respondent.*
### (No. SH-75-399, CA 6350)
558 P2d 1267

James A. Hill, Jr., Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

James R. Watts, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

## THORNTON, J.

This is an appeal from an order of the Hearings Division of the Workmen's Compensation Board dismissing a citation issued by petitioner Accident Prevention Division to respondent Copenhagen, Inc., charging respondent with violating chapter 437, part 34-14-45, Construction,[1] of the Oregon Administrative Rules, which outlines safety standards for trenching operations.

Although the record is unclear as to the exact basis of the safety inspector's conclusion (and charge) that a violation had occurred, we conclude that the hearings referee properly applied the pertinent regulations of the Oregon Occupational Safety and Health Code.

We have reproduced below a copy of petitioner's Exhibit No. 1, which will aid the reader in understanding the case.

East

North South

West

---

[1]OAR 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 as of September 15, 1976.

We adopt the following portion of the referee's opinion and order:

"This is a contested case under the Oregon Safe Employment Act, ORS 654.001 to 654.295 and 654.991.

"Respondent is charged with one violation of the Oregon Safety Code, Construction, as follows:

"34-14-45 Sides of trenches in hard or compact soil, including embankments, shall be shored or otherwise supported when the trench is more than five feet in depth and eight feet or more in length.

"a. In lieu of shoring, the sides of the trench above the five-foot level may be sloped to preclude collapse, but shall not be steeper than one-foot rise to each ½-foot horizontal.

"b. When the outside diameter of a pipe is greater than six feet, a bench of four-foot minimum shall be provided at the toe of the sloped portion.

"The alleged violation was as follows:

"1. The section of trench, located in the intersection of Southwest 5th Avenue and Southwest Washington Street, which was nineteen feet deep, six feet wide, and nine feet long on the north side and five feet long on the south side, where it opened into an old fire fighting water cistern, was not shored or sloped. Two employees of Copenhagen, Inc., Mr. Glenn Hartwell, pipelayer and Mr. Louie Parker, pipelayer, had worked in the unshored section of trench for the purpose of installing concrete storm sewer pipe. SERIOUS VIOLATION

"The parties initially stipulated that, if respondent is found to have committed the alleged violation, a penalty of $300 is a reasonable penalty.

"Ronald Sauber, the Safety Compliance Officer who made the inspection on October 30, 1975 testified as to the allegations set forth in the Citation. This trench ran in an east-west direction in hard to compact soil. At the east end was a walkway approximately five to six feet wide, and about ten feet deep, that is, the pipe in the trench was continued through a tunnel under this

[ 124 ]

walkway at a depth of ten feet. The westerly end of the trench opened up into a circular cistern, 20 feet in diameter, the vertical walls of which were brick and mortar, faced with concrete to make it waterproof. This cistern was empty. This brick and mortar had been cut away at the point at which the trench entered the cistern.

"The foregoing Standard is applicable only to trenches eight feet or more in length. This trench had its northerly side nine feet in length and its southerly side five feet in length, the difference in length being accounted for by the fact that the trench was intersecting a circular cistern * * *. The trench accordingly was not eight feet or more in length.

"Sauber contended that the trench actually extended further, both in an easterly and westerly direction. I do not follow the reasoning whereby the trench was said to extend further in an easterly direction, since it terminated in the foregoing walkway. A tunnel ten feet under the ground is not a trench.

"As to the contention that the trench extended westerly into the cistern, this would appear to be refuted by the Code definition of a trench in 34-14-0(p): 'Trench—A narrow excavation made below the surface of the ground. In general, the depth is greater than the width, but the width of a trench is not greater than 15 feet'. Acknowledgedly, the width of the cistern at the point of intersection with the trench was in excess of 15 feet. The trench therefore terminated at its juncture with the cistern.

"Complainant further contended that the cistern wall was weakened by the removal of the section of wall at which the trench connected with the cistern. This may be true; however, it falls outside of the scope of the Standard which respondent is charged with violating.

"I accordingly find that the trench, being less than eight feet in length, was not subject to the foregoing Standard, and that complainant has failed to sustain the burden of proving a violation of this Standard."

Boiled down to the essential point, the decisive factor in the whole case is not that the trench was less than eight feet in length on the south side, but rather it was that the width was greater than 15 feet at the

point where the ditch intersected the cistern. This had the effect of taking the ditch outside the definition of "trench" set forth in 34-14-0(p) quoted above.

Affirmed.